IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANDREW JACOB HELMUELLER,

                              OPINION AND ORDER

            Plaintiff,

                                22-cv-41-bbc

      v.

OFFICERS, JUDGES, AND/OR
RESPONSIBLE OFFICIALS AND
ST. CROIX COUNTY JAIL,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Andrew Jacob Helmueller has filed a pro se civil action under 42 U.S.C. § 1983, contending that he was being detained unlawfully at the St. Croix County jail. His complaint is before the court for screening under 28 U.S.C. § 1915A, to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. However, I cannot conduct the required screening because plaintiff's complaint does not provide enough information about his claims. I will give plaintiff an opportunity to file an amended complaint that provides more information.

OPINION

      Plaintiff's allegations are difficult to follow. He appears to be accusing various state officials and jail staff of detaining him unlawfully in violation of 18 U.S.C. § 3164.

1

However, chapter 18 of the United States Code provides federal criminal procedure rules that apply to federal prisoners, not state prisoners. Because plaintiff is a state prisoner, his detention is governed by Wisconsin law, not federal law.

Plaintiff also complains about decisions and actions taken by the state court in his criminal case. However, this court cannot review the state court's decisions, Exxon Mobil Corp. v. Saudi Industries Corp., 544 U.S. 280, 291-92 (2005). Generally, litigants who believe that a state court proceeding has violated their federal rights must assert those rights in state court and then appeal that decision through the state court system and, as appropriate, to the United States Supreme Court. Golden v. Helen Sigman & Associates, Ltd., 611 F.3d 356, 361-62 (7th Cir. 2010). In addition, judges are absolutely immune from liability for damages when performing judicial acts within the judge's jurisdiction, which are the kinds of acts plaintiff seems to be challenging. Stump v. Sparkman, 435 U.S. 349 (1978); Loubser v. Thacker, 440 F.3d 439, 442 (7th Cir. 2006).

Finally, plaintiff submitted numerous documents with his complaint, including several forms titled "criminal complaint," as well as jail grievance materials. This court cannot initiate federal criminal investigations or proceedings against anyone; only the United States Attorney has that authority. As for plaintiff's grievance materials, I do not know why plaintiff submitted them. Some of the grievances concern conditions of plaintiff's confinement at the St. Croix County jail about which plaintiff might be trying to challenge. However, plaintiff's complaint must be a single document, not multiple documents. Neither the court nor defendants can sift through multiple documents and

try to determine the nature of plaintiff's claims. Therefore, I will give plaintiff the opportunity to submit an amended complaint that clarifies his claims and complies with the Federal Rules of Civil Procedure.

Under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the complaint must provide notice to the defendants of what plaintiff believes they did to violate his rights. The complaint also must contain enough allegations of fact to support a claim under federal law. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). In drafting his amended complaint, plaintiff should omit claims based on federal criminal procedure, as those rules do not apply to him. He should also omit claims based on state court decisions in his criminal case, as this court does not have authority to review those decisions.

If plaintiff's complaint concerns events that happened at St. Croix County jail, the complaint must be limited to claims that are based on a single incident or a series of related incidents. Plaintiff should state clearly what happened during the incident in question, when it happened, and what each individual defendant did, or did not do, that plaintiff believes violated his constitutional rights. Plaintiff should draft the amended complaint as if he is telling a story to someone who knows nothing about his situation. He also should set forth his allegations in separate, numbered paragraphs and use short and plain statements. He should not include legal argument. After plaintiff finishes

drafting a complaint, he should review it and consider whether it could be understood by someone who is not familiar with the facts of his case.

ORDER

IT IS ORDERED that plaintiff Andrew Jacob Helmueller's complaint is DISMISSED without prejudice for his failure to comply with Rule 8 of the Federal Rules of Civil Procedure. Plaintiff may have until May 25, 2022 to file an amended complaint as set forth above. If plaintiff does not file an amended complaint by May 25, I will dismiss this case with prejudice for his failure to state a claim upon which relief may be granted.

Entered this 4th day of May, 2022.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge