IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SOVEREIGNTY JOESEPH HELMUELLER SOVEREIGN FREEMAN,

Plaintiff,

v.

OFFICERS, JUDGES, AND/OR RESPONSIBLE OFFICIALS and ST. CROIX COUNTY JAIL,

Defendants.

ORDER

22-cv-41-jdp[1]

---

Judgment against plaintiff Sovereignty Joeseph Helmueller Sovereign Freeman was entered in this case in July 2022. Helmueller has now filed a motion (captioned along with several of his other cases in this court) stating that prison officials are violating the Prison Litigation Reform Act (PLRA) by withdrawing monthly filing fee payments for this and other cases despite the balance in his trust account being below $10. Dkt. 30. Although this case has long been closed, I will address Helmueller's motion because it concerns the ongoing withdrawal of his funds used to pay the filing fee in this case.

A portion of the PLRA, 28 U.S.C. § 1915(b)(2), governs how prisoners pay off the remainder of their filing fees after submitting an initial partial payment allowing them to proceed with a case:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments

---

[1] Judge Barbara B. Crabb presided over this case through the entry of judgment. After Helmueller filed his current motion, the case was reassigned to me.

> from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

Helmueller states that the Wisconsin Department of Corrections is seizing funds from his account even in months when he has less than $10 in his account. I take him to be saying that because of the large number of lawsuits that he has filed, the state is taking most or all of his income to pay off his filing fees. As a result, he "need[s] to chew off [his] beard just to eat" and he can't wash his laundry or perform basic hygiene like brushing his teeth. Dkt. 30, at 3. Helmueller believes that this practice violates § 1915(b)(2) and a United States Supreme Court opinion stating that "no monthly installments are required unless the prisoner has more than $10 in his account." *Bruce v. Samuels*, 577 U.S. 82, 84 (2016). I take him to be seeking an order prohibiting the DOC from seizing funds from his account in months when he has less than $10 in his account.

I will deny Helmueller's motion because this court has long held that § 1915(b)(2) does not bar prison officials from seizing a prisoner's funds when he has less than $10 in his account. I've noted that the second sentence of this provision "is not a model of clarity," but this court has interpreted it as meaning that prison officials must deduct 20 percent of a prisoner's income each month but may wait until the total amount deducted is more than $10 before submitting funds to a recipient. *See, e.g.*, *Flournoy v. McKenzie*, No. 14-cv-554-jdp, 2015 WL 4094357, at *2 (W.D. Wis. July 7, 2015) (citing *Williams v. Litscher*, 115 F. Supp. 2d 989, 991–93 (W.D. Wis. 2000). The United States District Court for the Eastern District of Wisconsin came to the same conclusion in denying a similar motion filed by Helmueller in one of his cases in that court. *See Helmueller v. Wilson*, No. 23-cv-297-bhl, 2026 WL 114854, at *1 (E.D. Wis. Jan. 15, 2026). Helmueller's cited language from the United States Supreme Court's decision in *Bruce* doesn't change my reasoning: its cursory statement about § 1915(b)(2) was non-binding dicta

in a case about whether a prisoner must pay simultaneous monthly payments for each of his unpaid lawsuits, and the Court did not present a reasoned analysis of how § 1915(b)(2) should be interpreted.

As for Helmueller's statements that he doesn't have food or hygiene items, he shouldn't need to have any money in his account to meet his basic needs. The Eighth Amendment already guarantees that prisoners receive the "minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). If Helmueller is being denied his basic needs, that might be the subject of a separate federal lawsuit. But that isn't a reason to change the court's longstanding interpretation of § 1915(b)(2) as it pertains to Helmueller's trust account funds.

ORDER

IT IS ORDERED that plaintiff's motion regarding monthly payments of the filing fees for his lawsuits, Dkt. 30, is DENIED.

Entered August 26, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge